The Honorable Bill Stovall State Representative 2324 Heber Springs Road West Quitman, AR 72131-9426
Dear Representative Stovall:
I am writing in response to your request for an opinion on the following questions relating to the provision of emergency 911 calls in Cleburne County. You report the following facts:
 Due to the volume of false alarms coming through the County 9-1-1 office and the expense involved in emergency personnel responding to those 9-1-1 calls, the County would like to pass an ordinance requiring any security/alarm companies to purchase a permit before installing an alarm in Cleburne County. The permits would be for those alarm systems that ring directly into 9-1-1 when activated. The County would also like to charge a nominal renewal fee each year for the continuing permit.
Against this backdrop, you have posed the following questions:
 1. Can the County require alarm/security companies to purchase a permit to install their equipment when the county does not require a private citizen to purchase a permit to install similar or identical equipment?
 2. Can the County refuse to issue permits to a company if that company has a history of defective equipment or non-payment for permit and permit renewal fees?
 3. If the property owner contractually agrees to be responsible for the permit fees in the event the company fails to pay it, can a lien be placed on the property owner's real estate?
RESPONSE
With respect to your first question, A.C.A. § 12-10-314 makes it illegal to run a business that installs alarms that automatically dial 911 when triggered. Accordingly, I do not believe a county could permit and assess a fee on such businesses, as you suggest the proposed ordinance would attempt to do. Also, A.C.A. § 17-40-106 provides that only the Arkansas Board of Private Investigators and Private Security Agencies may require alarm service companies to obtain permits and to pay fees. Your second and third questions are consequently moot. However, the county may want to consider the fact that A.C.A. § 17-40-106(c) authorizes political subdivisions by ordinance to require users of alarm systems to obtain revocable permits without a fee. Although the Code does not address the issue, I presume that frequently issuing false alarms would constitute a basis for revoking a permit.
Question 1: Can the County require alarm/security companies to purchase apermit to install their equipment when the county does not require aprivate citizen to purchase a permit to install similar or identicalequipment?
In my opinion, the answer to this question is "no." In the first place, the Arkansas Code expressly prohibits precisely the type of business operation you propose subjecting to a permit and fee — namely, companies that provide alarm services that automatically rings 911 when triggered. Specifically, A.C.A. § 12-10-314 (Repl. 1999) provides:
 No person shall connect to a service supplier's network any automatic alarm or other automatic alerting devices which cause the number 911 to be automatically dialed and provides [sic] a prerecorded message in order to directly access the services which may be obtained through a 911 public safety communication center.
Moreover, as discussed in the attached Ark. Op. Att'y Gen. No. 2002-221, the sole statute directly addressing the authority of political subdivisions to regulate alarm/security companies, A.C.A. § 17-40-106
(Repl. 2001), expressly denies counties that power. The statute provides:
 (a) The regulation of investigation, security, and alarm systems businesses shall be exclusive to the Arkansas Board of Private Investigators and Private Security Agencies.
 (b) Licensees and employees of licensees, under the provisions of this chapter, shall not be required to obtain any authorization, permit, franchise, or license from, or pay another fee or franchise tax to, or post bond in, any city, county, or other political subdivision of this state to engage in the business or perform any service authorized under this chapter.
 (c) However, any city or county shall be permitted to require a business operating within its jurisdiction to register without fee and may adopt an ordinance to require users of alarm systems to obtain revocable permits without fee.
Subsection (a) of this statute vests authority to regulate "security" and "alarm systems" businesses, including imposing any "permit" or "fee" requirement, exclusively in the Arkansas Board of Private Investigators and Private Security Agencies.[1] I consequently do not believe the quorum court may enact the ordinance described in your request.
Question 2: Can the County refuse to issue permits to a company if thatcompany has a history of defective equipment or non-payment for permitand permit renewal fees?
This question is moot in light of my response to your previous question.
Question 3: If the property owner contractually agrees to be responsiblefor the permit fees in the event the company fails to pay it, can a lienbe placed on the property owner's real estate?
This question is likewise moot in light of my response to question 1. I will note, however, that A.C.A. § 17-40-106(c) authorizes a county by ordinance to require "users" of alarm systems — i.e., the businesses or individuals to whom the alarm services are rendered — to obtain revocable permits without paying a fee. Although the Code is silent on what might constitute grounds for revocation, it would appear that repeated false alarms should qualify.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure
[1] Section 17-40-209 of the Code expressly authorizes the Board to impose fees upon licensees in order to defray the costs of investigating and licensing the agencies. Section 17-40-305 requires that any "alarm system company" not exempted under A.C.A. § 17-40-103 be licensed. Section 17-40-318 sets forth the training requirements for alarm system businesses. Section 17-40-350 provides for license revocation and disciplinary action in the event, inter alia, of "[d]emonstrated incompetence or untrustworthiness."